**No. 52560.**—James E. Markham, Alien Property Custodian *v.* United States, protests 663306–G, etc. (Honolulu, etc.).

Opinion by EKWALL, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 52561.**—Central Vermont Railway, Inc., et al. *v.* United States, protests 41212–K, etc. (St. Albans).

Opinion by EKWALL, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 52562.**—Continental Ceramics Corp. et al. *v.* United States, protests 53245–K, etc. (Baltimore, etc.).

Opinion by EKWALL, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 52563.**—James E. Markham, Alien Property Custodian *v.* United States, protest 79424–K (New York).

Opinion by EKWALL, J. Following the authorities cited in Abstract 15400 the court dismissed the protest.

**No. 52564.**—John Alban & Co., Inc., et al. *v.* United States, protests 57256–K, etc. (New York).

Opinion by JOHNSON, J. Certain items of the merchandise stipulated to consist of cheese similar in all material respects to that the subject of *Scaramelli* v. *United States* (9 Cust. Ct. 270, C. D. 706), Abstract 42146, and Abstract 48269 were held subject to an allowance for tare of inedible coverings of 2½ percent from the net weight reported by the United States Weigher.

**No. 52565.**—J. S. Hoffman Co., Inc., et al. *v.* United States, protests 132980–K, etc. (New York).

Opinion by JOHNSON, J. Certain items of the merchandise stipulated to consist of cheese similar in all material respects to that the subject of *Scaramelli* v. *United States* (9 Cust. Ct. 270, C. D. 706), Abstract 42146, and Abstract 48269 were held subject to an allowance for tare of inedible coverings of 2½ percent from the net weight reported by the United States Weigher.

**No. 52566.**—S. A. Haram *v.* United States, protests 938038–G, etc. (New York).

Opinion by JOHNSON, J. Certain items of the merchandise stipulated to consist of cheese similar in all material respects to that the subject of *Scaramelli*

v. *United States* (9 Cust. Ct. 270, C. D. 706), Abstract 42146, and Abstract 48269 were held subject to an allowance for tare of inedible coverings of 2½ percent from the net weight reported by the United States Weigher. The items of merchandise stipulated to be the same as the cheese involved in *S. A. Haram* v. *United States* (17 Cust. Ct. 37, C. D. 1016) were held properly dutiable at 5 cents per pound, but not less than 20 percent ad valorem, under the provision in paragraph 710, as modified by the trade agreement with Finland (T. D. 48554), for "Cheese having the eye formation characteristic of the Swiss or Emmenthaler type."

**No. 52567.**—Westergaard, Berg-Johnsen Co. v. United States, protests 957239–G, etc. (New York).

Opinion by JOHNSON, J. Certain items of the merchandise stipulated to consist of cheese similar in all material respects to that the subject of *Scaramelli* v. *United States* (9 Cust. Ct. 270, C. D. 706), Abstract 42146, and Abstract 48269 were held subject to an allowance for tare of inedible coverings of 2½ percent from the net weight reported by the United States Weigher. The items of merchandise stipulated to be the same as the cheese involved in *S. A. Haram* v. *United States* (17 Cust. Ct. 37, C. D. 1016) were held properly dutiable at 5 cents per pound, but not less than 20 percent ad valorem, under the provision in paragraph 710, as modified by the trade agreement with Finland (T. D. 48554), for "Cheese having the eye formation characteristic of the Swiss or Emmenthaler type."

**No. 52568.**—Victor Cory Co. et al. *v.* United States, protests 99669–K, etc. (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel and on the authority of *Kraft-Phenix Cheese Corp.* v. *United States* (T. D. 47955) it was held that an allowance for the weight of the paper or foil, or both, should have been made by the collector from the net weight used in computing the duty thereon.

BEFORE THE THIRD DIVISION, SEPTEMBER 30, 1948

**No. 52569.**—J. A. Forrest Co. et al. *v.* United States, protests 114847–K, etc. (Minneapolis).

Opinion by CLINE, J. It was stipulated that the merchandise is the same in all material respects as that passed upon in *Tower & Sons* v. *United States* (14 Cust. Ct. 94, C. D. 919). In accordance therewith the claim for free entry was sustained.

**No. 52570.**—Pacific Trading Co. *v.* United States, petition 6646–R (San Francisco).